UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AARON MOHLMAN,

    Plaintiff,

v.

    Case No. 2:25-cv-11033
    District Judge F. Kay Behm
    Magistrate Judge Anthony P. Patti

TOWNSHIP OF SALEM and
MILAN TOWING &
RECOVERY, INC.,

    Defendants.
_____/

**OPINION AND ORDER GRANTING DEFENDANT SALEM TOWNSHIP'S MOTION (ECF No. 25) TO SET ASIDE CLERK'S ENTRY OF DEFAULT (ECF No. 20)**

I. **OPINION**

    A. **State Court Cases**

It appears Aaron Mohlman received a citation from Salem Township in July 2023 for failure to obtain a certificate of zoning compliance near Stonegate Drive (*see* ECF No. 25-2), which resulted in *Salem Township v. Mohlman*, Case No. 2023-23l23003-ON (14A District Court).

On September 5, 2023, the court found Mohlman responsible for the violation of Salem Township Zoning Ordinance § 67.03. (ECF No. 25-3.) (*See also* ECF No. 1, ¶¶ 8-9.) Mohlman filed an appeal to the Washtenaw County Circuit Court on September 19, 2023. *See* Case No. 23-001182-AV. (*See also*

ECF No. 1, ¶ 11.) The court heard oral argument on June 28, 2024, and, on July 1, 2024, the Circuit Court affirmed. (ECF No. 25-4.) (*See also* ECF No. 1, ¶ 12.)

On July 11, 2024, Mohlman filed an appeal to the Michigan Court of Appeals, but it was dismissed for lack of jurisdiction on July 16, 2024. (ECF No. 1, ¶¶ 13-14.) *See* Case No. 371611 (ECF No. 25-5). Mohlman alleges he had 21 days within which (*i.e.*, until August 6, 2024) to file an application for leave to appeal (ECF No. 1, ¶ 15); yet, on or about August 4, 2024, Defendants entered onto his property at 8413 Stonegate, Salem Township, MI 48168 and "removed all of [Mohlman]'s property stored at that location, including vehicles, equipment, trailers, etc." (*id.*, ¶ 16).

Mohlman alleges that neither he nor his counsel received notice that the property would be removed (*id.*, ¶ 23), he did not consent to the entry upon his property or the removal of his property (*id.*, ¶ 17), "the property unlawfully removed from Mohlman's property is now being held by Defendant Milan/Budget at the direction of Defendant Salem Township[,]" (*id.*, ¶ 18), and "Defendants have refused to release or return [Mohlman]'s property[,]" (*id.*, ¶ 19). He does not allege that the Washtenaw County Circuit Court (Case No. 23-001182-AV) or the Michigan Court of Appeals (Case No. 371611) stayed the removal of his property pending appeal.

### B. Instant Lawsuit

On April 10, 2025, Mohlman filed this lawsuit *in pro per* against Defendants Salem Township and Milan Towing & Recovery, Inc. (*d/b/a* Budget Stadium Towing). Mohlman's causes of action include trespass, conversion, injunctive relief, illegal search and seizure, and violation of a bankruptcy stay. (ECF No. 1, ¶¶ 24-42.)[1]

#### 1. Service

Plaintiff is proceeding *in forma pauperis*. (ECF Nos. 2, 5.) He submitted service documents to the Clerk (*see* ECF No. 6), summons have been issued (ECF

---

[1] Meanwhile, on October 9, 2023, Mohlman (and Charlotte S. Dobessi-Bossombo) filed a Chapter 13 bankruptcy petition. *See* Case No. 23-48841-mlo (E.D. Mich. Bankr.). It appears an 11 U.S.C. § 362 stay was in place at least until September 20, 2024, perhaps up until the case was closed on January 14, 2025. (*See* ECF No. 43, therein.) Thus, Plaintiff alleges here that the bankruptcy case "remained open and pending" at the time his property was improperly removed (*i.e.*, allegedly August 4, 2024), and he further alleges "Defendants did not seek any authorization from the bankruptcy court prior to removal of Plaintiff's property." (*See* ECF No. 1, ¶¶ 20-22.) An action for violation of the bankruptcy stay would, of course, be a matter for the Bankruptcy Court in the first instance. *See Heghmann v. Town of Rye*, 326 F. Supp. 2d 227 (D.N.H. 2004); *In re Reserves Dev. Corp.*, 64 B.R. 694 (W.D. Mo. 1986). *See also Zimmerman v. Bellows*, 988 F. Supp. 2d 1026, 1035 (D. Minn. 2013) (a claim under § 362(k) *"must* be brought in the bankruptcy court, rather than in the district court, which only has appellate jurisdiction over bankruptcy cases") (emphasis in original) *(citing E. Equip. & Servs. Corp. v. Factory Point Nat'l Bank,* 236 F.3d 117, 121 (2d Cir.2001) (*per curiam*)).

3

Nos. 7, 8), and the United States Marshals Service (USMS) attempted service by mail on May 14, 2025 (ECF No. 9).

Milan Towing appeared on June 28, 2025, filing an answer, affirmative defenses, and crossclaim.  (ECF No. 10.)  (*See also* ECF Nos. 11, 12, 17.)

### 2. Entry of Default

On July 2, 2025, Plaintiff filed a request for Clerk's entry of default as to Defendant Salem Township, alleging the summons and complaint were served on May 14, 2025 at 9600 Six Mile, Salem Township, MI 48175 by the USMS.  (ECF No. 14.)  On July 9, 2025, the request was denied, explaining that the Clerk was unable to verify service executed in accordance with Fed. R. Civ. P. 4, because "[n]o proof of service [was] filed."  (ECF No. 15.)

On July 11, 2025, Plaintiff filed documents purportedly related to service upon Defendant Salem Township (ECF No. 18), as well as a request for Clerk's entry of default (ECF No. 19).  On July 15, 2025, the Clerk entered default as to Salem Township "for failure to plead or otherwise defend . . . ."  (ECF No. 20.)  At the same time Plaintiff filed his request for Clerk's entry of default (ECF No. 19), he also filed a request for Clerk's entry of default judgment as to Salem Township (ECF No. 21); however, on July 15, 2025, the Clerk denied the request for default judgment, because "[t]he requested amount [could not] be verified in accordance with [E.D. Mich.] LR 55.2[,]" (ECF No. 22).

4

### C. Instant Motion

Judge McMillion has referred this case to me for pretrial matters. (ECF No. 13.) Currently before the Court is the Township's September 5, 2025 motion, pursuant to Fed. R. Civ. P. 55(c), to set aside the Clerk's July 15, 2025 entry of default, contending, *inter alia*, that "Salem Township never received the Summons and Complaint, nor was service ever effected on the Township's Supervisor, Clerk, or office staff." (ECF No. 25, PageID.68.) Concurrent with the filing of this motion, counsel entered appearances on the Township's behalf. (ECF Nos. 23, 24.)

"The court may set aside an entry of default for good cause . . . ." Fed. R. Civ. P. 55(c). *See also Roper v. Mortg. Elec. Registration Sys.*, No. 07-10002, 2008 WL 275689, at *2 (E.D. Mich. Jan. 31, 2008) (Steeh, J.) ("In this case, the default was not willful, the set-aside will not prejudice plaintiffs, and defendant St. Francis has raised a meritorious defense."); *Golden v. Nat'l Fin. Adjusters*, 555 F. Supp. 42, 44 (E.D. Mich. 1982) (Freeman, J.).

Upon consideration of the motion papers and exhibits, the Court concludes that the Clerk's entry of default (ECF No. 20) should be set aside, because good cause, as contemplated by Fed. R. Civ. P. 55(c), exists.

### 1. Willful

Defendant Salem Township argues that its default was not willful. (ECF No. 25, PageID.66-68; *see also* ECF No. 28, PageID.110-111.) As the Sixth Circuit has observed: "'To be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings.'" *Dassault Systemes, SA v. Childress*, 663 F.3d 832, 841 (6th Cir. 2011) (*quoting Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 194 (6th Cir. 1986)).

Here, Defendant Salem Township contends its default was "the result of Plaintiff's defective service of process." (ECF No. 25, PageID.67.) "A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by: **(A)** delivering a copy of the summons and of the complaint to its chief executive officer; or **(B)** serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2). "Service of process on a public, municipal, quasi-municipal, or governmental corporation, unincorporated board, or public body may be made by serving a summons and a copy of the complaint on: . . . the supervisor or the township clerk of a township[.]" M.C.R. 2.105(G)(4).

6

To support its position that "the Complaint was never served upon Defendant Salem Township[,]" the Township points to the documents Plaintiff filed related to service upon Salem Township, which include:

- A Process Receipt and Return form, which lists a service address of 9600 Six Mile Road, Salem Township, MI 48175, asks to serve either the Township Supervisor or the Township Clerk, is signed by Plaintiff on April 23, 2025, is also signed by an authorized USMS Deputy or Clerk on May 14, 2025, and lists "Tracking Number # 9589-0710-5270-2150-8952-98" (ECF No. 18, PageID.45; *see also* ECF No. 9, PageID.18);

- A document indicating that USPS Tracking Number 9589071052702150895298 was delivered on June 10, 2025 (ECF No. 18, PageID.44); and,

- A July 11, 2025 "tracking status" for 9589071052702150895298, indicating that the item was "delivered, left with individual" on June 10, 2025 in Detroit, MI 48226 (*id*., PageID.46).

(ECF No. 18, PageID.44-46). Yet, the Undersigned is somewhat perplexed, because the online USPS Tracking information indicates the package was delivered on *May 28, 2025 to Detroit*.[2] Whatever the delivery date may have been, these documents do not constitute proof that either the Township Supervisor or Clerk was served at the location of Township Hall (9600 Six Mile Road, Salem, MI 48175) or the Township's mailing address (P.O. Box 75002, Salem, MI

---

[2] *See* https://tools.usps.com/go/TrackConfirmAction?qtc_tLabels1=958907105270215089 5298 (last visited Oct. 20, 2025).

48175).  See https://www.salem-mi.org/how_do_i/contact_us.php (last visited Oct. 20, 2025).  Instead, it seems that "the certified mail containing the Summons and Complaint was misdirected to Detroit, Michigan, not to the Township's offices." (ECF No. 25, PageID.67.)

In his response, Plaintiff points out that the USMS attempted service upon both Defendants.  (ECF No. 27, PageID.105.)  Moreover, Plaintiff suggests that Defendant Milan Towing's service of its June 28, 2025 answer, affirmative defenses, and cross-claim as to Salem Township (ECF No. 10) upon Defendant Salem Township "minimally provided Salem with knowledge of the pendency of the claim in this Court."  (ECF No. 27, PageID.106.)  Indeed, on July 5, 2025, Milan's counsel certified that it served a copy of the answer, affirmative defenses and cross-claim "on both Aaron Mohlman and Salem Township at the addresses as specified in the case caption . . . [,]" which, in the case of Salem Township, was seemingly PO Box 75002 Salem, MI 48175.  (*See* ECF No. 12.)

So, while there is no evidence indicating Defendant Salem Township was served with summons and a complaint in May 2025, there seems to be a dispute over when Salem Township *became aware* of this lawsuit – July 2025 or September 2025.  Defendant Salem Township contends that, "[o]nly after learning from the Township prosecutor's colleague that a default had been entered, did the

Township become aware of the case." (*Id*.)  In fact, Salem Township Supervisor Gary Whittaker attests, in a sworn affidavit, *inter alia*:

- It is my understanding that attorney Rodney Glusac, a colleague of the Township's contracted prosecutor, Mr. James Fink, sent Mr. Fink a copy of the Notice of Entry of Default in this matter.

- On September 1, 2025, Mr. Fink forwarded the Notice of Entry of Default to the Township, which alerted the Township of its need to appear in this action to seek to set aside the default and challenge the original service of the Complaint.

- The Township Prosecutor is not an authorized recipient of service on behalf of the Township.

- At no time did I or the Township Clerk receive service of the Complaint from Plaintiff, nor was a copy served on any person in charge of the offices of the Township Supervisor or Township Clerk by personal service or certified mail.

(ECF No. 25-8 ¶¶ 3-6).  (ECF No. 25, PageID.64; *see also id*., PageID.67-68.)  Plaintiff has not shown otherwise.

Upon consideration, the Court is not convinced that the Township's "failure to plead was minimally gamesmanship and more likely willful[,]" as argued by Plaintiff.  (ECF No. 27, PageID.106.)  Preliminarily, it is possible that the May 2025 misdirected attempt at service was the fault of the Court, its Clerk, or the USMS, in other words a fault that cannot be attributed to Defendant Salem Township (*see* ECF Nos. 9, 18).  Also, even if Salem Township had some knowledge of this lawsuit in July 2025 by having received a copy of co-Defendant Milan Towing's answer, affirmative defenses, and cross-claim (*see* ECF Nos. 10,

9

12), it would not change the fact that Salem Township had – at that point – yet to be *served* with a summons and complaint. Unless a Court authorizes alternate service, Defendants are summoned to court by actual service, not by mere constructive knowledge. Finally, although approximately two months passed between co-Defendant Milan Towing's July 5, 2025 certificate of service (ECF No. 12) and Defendant Salem Township's September 5, 2025 appearances in this matter (*see* ECF Nos. 23, 24), Defendant Salem Township's same-day motion maintains, with the support of an affidavit from its Township Supervisor, that the Township was "alerted . . . of its need to appear in this action" on September 1, 2025, when its contracted prosecutor "forwarded the Notice of Entry of Default to the Township," (ECF No. 25-8 ¶ 4) and that neither the Township Supervisor nor the Township Clerk had received service of the complaint from Plaintiff (*id*., ¶ 6).

This factor favors Defendant Salem Township.

    **2.    Prejudice**

Defendant Salem Township argues that Plaintiff will suffer no prejudice. (ECF No. 25, PageID.68-69.) As the Sixth Circuit has stated:

> "[D]elay alone is not a sufficient basis for establishing prejudice." *INVST Fin. Grp., [Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 398 (6th Cir. 1987)] (internal quotation marks omitted). Nor does increased litigation cost generally support entry of default. [*United States v. $22,050.00 U.S. Currency*, 595 F.3d 318, 325 (6th Cir. 2010)]. Instead, "it must be shown that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." *INVST Fin. Group,* 815 F.2d at

10

> 398 (internal quotation marks omitted). Additionally, the relevant inquiry concerns the future prejudice that will result from reopening the judgment, not prejudice that has already resulted from the defendant's conduct. *Berthelsen [v. Kane*, 907 F.2d 617, 620-621 (6th Cir. 1990)].

*Dassault Systemes*, 663 F.3d at 842.

In his response, Plaintiff generally contends he "would be prejudiced in the event of a set aside." (ECF No. 27, PageID.106.) Specifically, Plaintiff contends he "has been without valuable equipment for months, which has interfered with [his] ability to make a living[,]" and he further contends that "Milan is now apparently selling off the equipment." (*Id*.) According to Plaintiff, the "substantial delay" or "additional time" caused by setting aside the default "would represent undue prejudice as it would directly interfere with [his] ability to make a living." (*Id*.)

However, Defendant Salem Township correctly notes that "[t]his case remains at its earliest stages," *i.e.*, "there has been no discovery, no scheduling order, and no substantive motion practice." (ECF No. 25, PageID.68.) Moreover, this Court has no reason to doubt Salem Township's representation that it "promptly moved to set aside the default after first learning of it[.]" (*Id*.) Likewise, this Court has no reason to doubt Salem Township's representation that "[t]here has been no loss of evidence, . . . no strategic delay, and no change in posture that would disadvantage Plaintiff." (ECF No. 28, PageID.111.)

11

This factor favors Defendant Salem Township.

### 3. Meritorious defense(s)

Contending it has "multiple meritorious defenses," Defendant Salem mentions defenses pertaining to, *inter alia*, "lack of jurisdiction due to Plaintiff's failure to properly serve the Complaint," as well as "a collateral attack" on the state court proceedings, res judicata, governmental immunity and viability (as to the trespass and conversion claims), *etc.* (ECF No. 25, PageID.69-78.) (*See also* ECF No. 28, PageID.111-112.) As the Sixth Circuit has explained:

> A defense is "meritorious" if it is "good at law." *$22,050,* 595 F.3d at 326 (quoting *Williams v. Meyer,* 346 F.3d 607, 614 (6th Cir.2003)). . . . [T]he test is not whether a defense is likely to succeed on the merits; rather, the criterion is merely whether "there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Id.* (quoting *Burrell v. Henderson,* 434 F.3d 826, 834 (6th Cir.2006)). Thus, even conclusory assertions may be sufficient to establish the "hint of a suggestion" needed to present a meritorious defense. *Id.* (internal quotation marks omitted).

*Dassault Systemes,* 663 F.3d at 843.

In his response, Plaintiff contends "there is no meritorious defense," pointing to the bankruptcy stay and addressing the merits of Defendant Salem Township's collateral attack, res judicata, and governmental immunity defenses. (ECF No. 27, PageID.106-107.) However, even if, *arguendo*, Plaintiff's case is about "the subsequent seizure and sale of [his] personal[] and business equipment[,]" (*id*., PageID.107), the nature of Plaintiff's claims and Defendant

12

Salem Township's defenses thereto are more appropriately tested by way of a Fed. R. Civ. P. 12(b)(6), not by way of briefing related to a motion to set aside default.

This factor favors Defendant Salem Township.

## II. ORDER

For the reasons stated above, Defendant Salem Township has shown its default was not willful, the set aside will not prejudice Plaintiff, and its motion raises meritorious defenses. Accordingly, the Court **GRANTS** the Township's September 5, 2025 motion (ECF No. 25) to set aside entry of default (ECF No. 20). Defendant Salem Township has up to and including **Friday, December 5, 2025** by which to file an answer or Rule 12 motion in response to the complaint and any affirmative defenses thereto.

**It is SO ORDERED.**[3]

Dated: November 3, 2025

ANTHONY P. PATTI
UNITED STATES MAGISTRATE JUDGE

---

[3] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).