UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AARON MOHLMAN,

      Plaintiff,

v.

                                        Case No. 2:25-cv-11033
                                        District Judge F. Kay Behm

TOWNSHIP OF SALEM and
MILAN TOWING &
RECOVERY, INC. (*d/b/a* Budget
Stadium Towing),
                                        Magistrate Judge Anthony P. Patti

      Defendants.

_____/

## REPORT AND RECOMMENDATION TO GRANT DEFENDANT SALEM TOWNSHIP'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT (ECF No. 31) and, PURSUANT TO 42 U.S.C. § 1915(e)(2)(B)(ii), DISMISS PLAINTIFF'S CLAIMS AGAINST DEFENDANT MILAN TOWING & RECOVERY, INC. (*d/b/a* BUDGET STADIUM TOWING)

**I.    RECOMMENDATION**:  The Court should **GRANT** Defendant Salem

Township's motion to dismiss Plaintiff's complaint (ECF No. 31) and, pursuant to

42 U.S.C. § 1915(e)(2)(B)(ii), **DISMISS** Plaintiff's claims against Defendant

Milan Towing & Recovery, Inc. (*d/b/a* Budget Stadium Towing).

**II.    REPORT:**

    **A.    State Court Cases**

It appears Aaron Mohlman received a citation from Salem Township in July

2023 for failure to obtain a certificate of zoning compliance near Stonegate Drive

(*see* ECF No. 25-2), which resulted in *Salem Township v. Mohlman*, Case No. 2023-23L23003-ON (14A District Court).

On September 5, 2023, the court found Mohlman responsible for the violation of Salem Township Zoning Ordinance § 67.03.  (ECF No. 25-3.)  (*See also* ECF No. 1, ¶¶ 8-9.)  Mohlman filed an appeal to the Washtenaw County Circuit Court on September 19, 2023.  *See* Case No. 23-001182-AV.  (*See also* ECF No. 1, ¶ 11.)  The court heard oral argument on June 28, 2024, and, on July 1, 2024, the Circuit Court affirmed.  (ECF No. 25-4.)  (*See also* ECF No. 1, ¶ 12.)

On July 11, 2024, Mohlman filed an appeal to the Michigan Court of Appeals, but it was dismissed for lack of jurisdiction on July 16, 2024.  (ECF No. 1, ¶¶ 13-14.)  *See* Case No. 371611 (ECF No. 25-5).  Mohlman alleges he had 21 days within which (*i.e.*, until August 6, 2024) to file an application for leave to appeal (ECF No. 1, ¶ 15); yet, on or about August 4, 2024, Defendants entered onto his property at 8413 Stonegate, Salem Township, MI 48168 and "removed all of [Mohlman]'s property stored at that location, including vehicles, equipment, trailers, etc." (*id.*, ¶ 16).

Mohlman alleges that neither he nor his counsel received notice that the property would be removed (*id.*, ¶ 23), he did not consent to the entry upon his property or the removal of his property (*id.*, ¶ 17), "the property unlawfully removed from Mohlman's property is now being held by Defendant Milan/Budget

2

at the direction of Defendant Salem Township[,]" (*id.*, ¶ 18), and "Defendants have refused to release or return [Mohlman]'s property[,]" (*id.*, ¶ 19).  He does not allege that the Washtenaw County Circuit Court (Case No. 23-001182-AV) or the Michigan Court of Appeals (Case No. 371611) stayed the removal of his property pending appeal.

> ### B.    Instant Lawsuit

On April 10, 2025, Mohlman filed this lawsuit *in pro per* against Defendants Salem Township and Milan Towing & Recovery, Inc. (*d/b/a* Budget Stadium Towing). Mohlman's causes of action include trespass, conversion, injunctive relief, illegal search and seizure, and violation of a bankruptcy stay.  (ECF No. 1, ¶¶ 24-42.)

Plaintiff is proceeding *in forma pauperis*.  (ECF Nos. 2, 5.)  Milan Towing appeared on June 28, 2025, filing an answer, affirmative defenses, and crossclaim. (ECF No. 10.)  (*See also* ECF Nos. 11, 12, 17.)  Although the Clerk of the Court entered a default as to Salem Township (*see* ECF Nos. 18, 19, 20), Salem Township appeared via counsel on September 5, 2025 (*see* ECF Nos. 23, 24), the default was set aside on November 3, 2025 (*see* ECF Nos. 25, 29), and, on December 4, 2025, Salem Township filed an answer to the crossclaim (*see* ECF No. 30).

### C.      Instant Motion

Judge McMillion has referred this case to me for pretrial matters.  (ECF No. 13.)  Currently before the Court is Salem Township's December 4, 2025 motion to dismiss Plaintiff's complaint (ECF No. 31), as to which Plaintiff filed a timely response (ECF No. 34), and Salem Township filed a reply (ECF No. 35).

This motion is now ready for decision.

### D.      Fed. R. Civ. P. 12

Salem Township brings its motion to dismiss pursuant to two subsections of Fed. R. Civ. P. 12(b).  (ECF No. 31, PageID.140-141.)

### 1.      Rule 12(b)(1)

In part, Salem Township moves for dismissal for "lack of subject-matter jurisdiction[.]" Fed. R. Civ. P. 12(b)(1).  (ECF No. 31, PageID.132, 140.)  "A Rule 12(b)(1) motion for lack of subject matter jurisdiction can challenge the sufficiency of the pleading itself (facial attack) or the factual existence of subject matter jurisdiction (factual attack)." *Cartwright v. Garner*, 751 F.3d 752, 759 (6th Cir. 2014) (citing *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir.1994)).  As the Sixth Circuit has instructed:

> A factual attack challenges the factual existence of subject matter jurisdiction. In the case of a factual attack, a court has broad discretion with respect to what evidence to consider in deciding whether subject matter jurisdiction exists, including evidence outside of the pleadings, and has the power to weigh the evidence and determine the effect of that evidence on the court's authority to hear the case.

*Cartwright*, 751 F.3d at 759–60 (citing *Ritchie*).

### 2. Rule 12(b)(6)

Salem Township also moves for dismissal for "failure to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). (ECF No. 31, PageID.132, 140-141.) When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "construe the complaint in the light most favorable to plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (concluding that a plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action"). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

5

Furthermore, the Court holds *pro se* complaints to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  However, even in pleadings drafted by *pro se* parties, "'courts should not have to guess at the nature of the claim asserted.'"  *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).  Moreover, "courts may not rewrite a complaint to include claims that were never presented . . . nor may courts construct the Plaintiff's legal arguments for him.  Neither may the Court 'conjure up unpled allegations[.]'" *Rogers v. Detroit Police Dept.*, 595 F.Supp.2d 757, 766 (E.D. Mich. 2009) (Ludington, J., adopting report and recommendation of Binder, M.J.).[1]

### E.   The Court should grant Defendant Salem Township's motion to dismiss Plaintiff's complaint.

#### 1.   Count III ("Injunctive relief") is not an independent cause of action.

"A pleading that states a claim for relief must contain . . . a demand for the relief sought, which may include relief in the alternative or different types of relief."  Fed. R. Civ. P. 8(a)(3).  Although Plaintiff's complaint does not contain a distinct and separate "demand for the relief sought," *id.*, it does refer to an

---

[1] *See also, Evans v. Mercedes Benz Fin. Servs., LLC*, No. 11-11450, 2011 WL 2936198, at *2 (E.D. Mich. July 21, 2011) (Cohn, J.) ("Even excusing plaintiff's failure to follow Rules 8(a)(2) and 10(b), a *pro se* plaintiff must comply with basic pleading requirements, including Rule 12(b)(6).").

6

approximate amount in controversy of "$100,000 prior to trebling for conversion[,]" (ECF No. 1, ¶ 4), and each cause of action's reference to "an amount to be proven at trial[,]" (*id.*, ¶¶ 4, 27, 30, 37, 42).  Moreover, Plaintiff's "Count III" for "injunctive relief" (*id.*, ¶¶ 31-34) "is a remedy, . . . not an independent cause of action."  *Skidmore v. Access Grp., Inc.*, 149 F. Supp. 3d 807, 809 (E.D. Mich. 2015) (Parker, J.) (citing *Goryoka v. Quicken Loan, Inc.*, 519 F. App'x 926, 929 (6th Cir. 2013); *Terlecki v. Stewart*, 754 N.W.2d 899, 912 (Mich. App. 2008)).  (*See also* ECF No. 31, PageID.149-150.)

Thus, Plaintiff clearly seeks compensatory damages and injunctive relief, although Count III cannot stand on its own.

      **2.**      **Count IV ("Illegal search and seizure") should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(1) and/or Fed. R. Civ. P. 12(b)(6) to the extent it is based on the Fourth Amendment to the U.S. Constitution.**

            **a.**      **Count IV is based at least in part on the Fourth Amendment to the U.S. Constitution.**

"A pleading that states a claim for relief must contain . . . a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support[.]" Fed. R. Civ. P. 8(a)(1).  Plaintiff alleges that the Court "has jurisdiction over the subject matter of this dispute pursuant to 28 U.S.C. [§] 1331."  (ECF No. 1, ¶ 6.)  In other words, he

alleges that his action arises "under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.

In Count IV of his complaint, which is titled "illegal search and seizure" (*see* ECF No. 1, ¶¶ 35-37), Plaintiff alleges that, "[i]n order to locate and obtain Plaintiff's property as described above, Defendants violated Plaintiff's constitutional rights to be free from illegal search and seizure."  (*Id.*, ¶ 36.)  Of course, that could mean an alleged violation of U.S. Const. amend. IV ("[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated[.]") and/or Michigan Const. Art. 1, §  11 ("The person, houses, papers, possessions, electronic data, and electronic communications of every person shall be secure from unreasonable searches and seizures.").

While Salem Township is correct that "[n]either Count IV nor any other portion of the Complaint expressly references the U.S. Constitution or 42 U.S.C. § 1983," (ECF No. 31, PageID.150), the Court is mindful that "the allegations of the pro se complaint [are held] to less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  It is not a far stretch to say that Plaintiff's Count IV – which is labeled, "illegal search and seizure" – was at least in part intended to invoke the U.S. Constitution's prohibition of "unreasonable searches and seizures[.]"  U.S. Const. amend. IV.  That Plaintiff

8

intended to rely on 42 U.S.C. § 1983 ("Civil action for deprivation of rights") as a vehicle for a Fourth Amendment claim is buttressed by his response's use of phrases such as "color of law" and "deprivation of rights."  (*See* ECF No. 34, PageID.175 ¶ B(1).)

> **b.      To the extent Count IV is a Fourth Amendment claim, it does not survive Salem Township's Fed. R. Civ. P. 12(b) arguments.**

Nonetheless, to the extent Count IV is based on the Fourth Amendment to the U.S. Constitution, "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief[.]"  Fed. R. Civ. P. 8(a)(2).  Three of Salem Township's arguments arguably concern Count IV.

### i.      Rooker-Feldman

Citing Fed. R. Civ. P. 12(b)(1), Salem Township argues that the Court "should decline jurisdiction over the complaint under Rooker-Feldman doctrine." (ECF No. 31, PageID.145-146.)  "The Rooker–Feldman doctrine provides that inferior federal courts lack jurisdiction to review the final judgments of state courts."  *Hutcherson v. Lauderdale Cnty., Tennessee*, 326 F.3d 747, 755 (6th Cir. 2003) (citing *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)).

Referring to the decisions of the 14A-2 District Court (*see* ECF No. 25-3), the Washtenaw County Circuit Court (*see* ECF No. 25-4), and the Michigan Court of Appeals (*see* ECF No. 25-5), Salem Township contends that "[t]he acts Plaintiff challenges [with respect to] the Township's August 4, 2024 nuisance abatement and removal of property were taken pursuant to those state-court orders, not independently of them[,]" "[h]is requested relief would require this Court to declare that the state courts' enforcement orders were invalid[,]" "Plaintiff's alleged injuries flow directly from state-court judgments," and "he seeks federal review of those determinations[.]"  (ECF No. 31, PageID.146.)

*Plaintiff does not address Rooker-Feldman in his response.*  (*See* ECF No. 34.)  Thus, the Court assumes that he concedes this argument.  *See*, *e.g.*, *Mekani v. Homecomings Fin., LLC*, 752 F. Supp. 2d 785, 797 (E.D. Mich. 2010) (Borman, J.) ("Plaintiff has not responded to Defendant's motion to dismiss this claim, and the Court assumes he concedes this point and abandons the claim.").[2]

---

[2] *See also Garrett v. Morgan Cnty. Sheriff's Off.,* No. 1:23CV2011, 2026 WL 352788, at *9 (N.D. Ohio Feb. 9, 2026) ("It is well established that, if a party fails to address an argument raised in a motion or brief in opposition, a district court may deem that party to have waived opposition to that argument."); *Degolia v. Kenton Cty.,* 381 F.Supp.3d 740, 759–60 (E.D. Ky. 2019) ("'[I]t is well understood...that when a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded.'") (quoting *Rouse v. Caruso*, 2011 WL 918327 at *18 (E.D. Mich. Feb. 18, 2011); *Albury v. Strategic Staffing Solutions*, No. 2:24-cv-13263, 2025 WL 2552164, at * 3 (E.D. Mich. Sept. 4, 2025) (McMillion, J.) (noting that "failure to address an argument serves as a

### ii.      Res judicata

Citing Fed. R. Civ. P. 12(b)(6), Salem Township argues that Plaintiff's "complaint is barred by res judicata, as it is a collateral attack on the state court judgment." (ECF No. 31, PageID.141-144.)[3] "Res judicata provides that federal courts must give state court judgments the same effect the rendering state court would give them." *Hutcherson*, 326 F.3d at 755 (citing 28 U.S.C. § 1738; *Marrese v. Am. Acad. of Orthopedic Surgeons,* 470 U.S. 373, 380 (1985)).

Salem Township contends that "the status of the subject property and the Township's right to enter the property to abate the nuisance was clearly adjudicated in the prior proceeding, such that any decision in this case would necessarily require this Court to second-guess and/or unravel the prior orders of the state courts[,]" and also that "[i]f Plaintiff had any issues with the execution of the enforcement order, then his recourse would be to seek relief in the original proceeding, not a separate action in the federal court." (*Id.*, PageID.144.)

*Plaintiff does not address res judicata in his response.* (*See* ECF No. 34.) Thus, as far as the Court's concerned, he concedes this argument as well. *See, e.g., Mekani*, 752 F. Supp. 2d at 797. While a *pro se* litigant may be entitled to liberal

---

waiver of challenging that argument.").

[3] *See also City of Canton, Ohio v. Maynard*, 766 F.2d 236, 237 (6th Cir. 1985) (affirming district court's entry of judgment pursuant to Fed. R. Civ. P. 12(b)(6) where "cause of action was barred under principles of res judicata . . . .").

11

treatment of his pleadings, "liberal treatment of *pro se* pleadings does not require lenient treatment of substantive law." *Durante v. Fairlane Town Ctr.*, 201 F. App'x 338, 344 (6th Cir. 2006).

### iii.      Reasonable and lawful

Finally, and presumably invoking Fed. R. Civ. P. 12(b)(6), Salem Township argues that, if the Court construes Count IV as a federal claim, it "cannot survive scrutiny." (*Id.*, PageID.150.)  As noted above, this cause of action substantively argues that, "[i]n order to locate and obtain Plaintiff's property as described above, Defendants violated Plaintiff's constitutional rights to be free from *illegal* search and seizure."  (ECF No. 1, ¶ 36 (emphasis added).)

To be clear, the U.S. Constitution prohibits "*unreasonable* searches and seizures[.]"  U.S. Const. amend. IV (emphasis added).  *See also Brigham City, Utah v. Stuart*, 547 U.S. 398, 403 (2006) ("[T]he ultimate touchstone of the Fourth Amendment is 'reasonableness[.]'").  "[T]he protection against unreasonable searches and seizures fully applies in the civil context." *Soldal v. Cook Cnty., Ill.*, 506 U.S. 56, 67 n.11 (1992).  The Fourth Amendment's protections "have been extended into administrative seizures, evictions, and related scenarios." *Williamson v. City of Tonganoxie, Kansas*, No. 22-CV-02173-TC-ADM, 2024 WL 6889532, at *5 (D. Kan. Mar. 29, 2024) (citing *Soldal*, 506 U.S. at 71).

12

Salem Township contends its actions "were taken pursuant to a facially valid District Court order, which explicitly authorized the Township and/or its agents to enter the property and remove the offending items after Plaintiff failed to comply." (ECF No. 31, PageID.151.) Indeed, the September 6, 2023 sentencing order in Case No. 2023-23L23003-ON (14A District Court) stated, *inter alia*:

- Defendant shall remove all the containers and other miscellaneous items in the attached photograph within 30 days and make no new use of the property without obtaining the appropriate zoning compliance pursuant to the authority granted the Court by MCL 600.8727(5), 600.8302(1), and 600.8302(4).

- If Defendant fails to remove all the items from the property within 30 days of the date of this Order, *Plaintiff's employees, or plaintiff's agents may enter the property and correct the problem by removing the items* and charge the Defendant the costs pursuant to the authority granted the Court by MCL 600.8727(5), 600.8302(1), and 600.8302(4).

(ECF No. 25-3, PageID.85 ¶¶ 3, 4 (emphasis added).) Thirty (30) days from the date of the order was Friday, October 6, 2023. The Washtenaw County Circuit Court affirmed the district court in June or July 2024 (see ECF No. 25-4), and the Michigan Court of Appeals dismissed the claim of appeal on July 16, 2024 (*see* ECF No. 25-5). As noted above, Plaintiff does not allege that the Washtenaw County Circuit Court (Case No. 23-001182-AV) or the Michigan Court of Appeals (Case No. 371611) stayed the removal of his property pending appeal.

Thus, the Undersigned agrees that the alleged August 4, 2024 removal of Plaintiff's property (*see* ECF No. 1, PageID.3 ¶ 16) – *i.e.*, the enforcement of the

13

district court's order – "does not constitute an 'unreasonable' intrusion under the Fourth Amendment." (ECF No. 31, PageID.151.) Put another way, Salem Township "was not acting as a rogue trespasser but as a government entity carrying out a judicially authorized abatement in furtherance of its regulatory and police powers." (*Id.*) *See, e.g., Martin v. Reyna*, No. 1:23-CV-00168-H-BU, 2024 WL 2304604, at *5 (N.D. Tex. May 3, 2024) ("The Fifth Circuit instructs that a seizure occurring during an abatement is reasonable if it complies with procedural due process.") (citing *Freeman v. City of Dallas*, 242 F.3d 642, 652 (5th Cir. 2001) (en banc)), *report and recommendation adopted*, No. 1:23-CV-168-H-BU, 2024 WL 2302266 (N.D. Tex. May 21, 2024); *Williamson v. City of Tonganoxie, Kansas*, No. 22-CV-02173-TC-ADM, 2024 WL 6889532, at *5 (D. Kan. Mar. 29, 2024) ("Under the *Santana* [*v. City of Tulsa*, 359 F.3d 1241 (10th Cir. 2004)] standard, there is no per se rule requiring a warrant for nuisance abatement so long as the search and seizures related to nuisance abatement are reasonable."); and, *Ferreira v. Town of E. Hampton*, 56 F. Supp. 3d 211, 231 (E.D.N.Y. 2014) ("Although the Court concludes that a warrant is not required to abate a public nuisance, the seizure of property considered to be a public nuisance, as well as the entry onto private property to accomplish that seizure, must still be reasonable to comply with the Fourth Amendment.").[4]

---

[4] *See also Braden v. Cnty. of Lake*, 25 F. App'x 513, 514-515 (9th Cir. 2001)

In his response, Plaintiff contends he has sufficiently alleged his claims, noting, in part:

> The Complaint details the circumstances surrounding the towing of his vehicle, equipment and personal items stored on his land[,] the lack of proper notice, and the absence of legal justification for the towing[,] unlawful entry on to [his] property, including but not limited to . . . No [Trespass] [signs], federal law [signs], posted and affixed to [his] property prohibiting any unlawful entering without rendering due process of law, beforehand.

(ECF No. 34, PageID.175 ¶ B(1).)  However, the suggestion that Salem Township entered Plaintiff's land "without a warrant or proper jurisdiction[,]" (*id.*), or that "the towing was conducted without proper legal justification and in violation of his rights[,]" (*id.*, PageID.174 ¶ II(3)), is belied by the September 5, 2023 sentencing order in *Salem Township v. Mohlman*, Case No. 2023-23L23003-ON (14A District Court) (*see* ECF No. 25-3) and Plaintiff's related, unsuccessful appeals (*see* ECF Nos. 25-4, 25-5).

            **c.**      **This report *does not* construe Count IV as based on the Fourteenth Amendment to the U.S. Constitution or 18 U.S.C. § 242.**

---

("While there was no abatement hearing in this case, the Notice of Abatement sent to Braden by certified mail informed Braden that if he contested the removal and abatement of his vehicles, he could request within 10 days of receipt of the notices a hearing on the matter.  Braden failed to ask for a hearing."); *Embassy Realty Invs., Inc. v. City of Cleveland*, 572 F. App'x 339, 345 (6th Cir. 2014) ("Barnes had been afforded adequate due process relating to the condemnation proceedings and, therefore, the warrantless entrance on the Property to remediate the established nuisance was reasonable under the Fourth Amendment.").

15

To be sure, Plaintiff contends *in his response* that his complaint "asserts claims arising under the Constitution and federal law, specifically the Fourth and Fourteenth Amendments[,]" (ECF No. 34, PageID.175 ¶ A(1)), that "[t]he towing of his vehicle without due process constitutes a violation of the Fourteenth Amendment[,]" and that "[t]he Complaint outlines how Defendant's actions deprived him of his property without the requisite legal process." (ECF No. 34, PageID.175 ¶ B(2).) However, Plaintiff's *complaint* does not mention the "Fourteenth Amendment" or "due process." At best, within the complaint's factual allegations, Plaintiff alleges that "neither Plaintiff nor his counsel received notice from Defendants or otherwise that his property would be removed." (ECF No. 1, ¶ 23.)

Also, *within his motion response*, Plaintiff mentions 18 U.S.C. § 242 ("Deprivation of rights under color of law"). (ECF No. 34, PageID.175 ¶ B(1).) However, not only is this statute not mentioned in Plaintiff's complaint, but also, as Salem Township points out in its reply (*see* ECF No. 35, PageID.178-179), "it is apparent that this court cannot assume jurisdiction of a civil action filed under Sections 241 and 242, 18 U.S.C. These sections are part of the criminal code and civil relief is not afforded by them." *Watson v. Devlin*, 167 F. Supp. 638, 640 (E.D. Mich. 1958) (Freeman, J.), *aff'd sub nom. Watson v. Devlin*, 268 F.2d 211 (6th Cir. 1959) (citation omitted). *See also Marshall v. O'Connell*, No. 14-6372,

16

2016 WL 11781769, at *2 (6th Cir. June 3, 2016) ("18 U.S.C. §§ 242 and 241, are criminal statutes that do not provide a private right of action for a litigant to sue another in civil court."); *United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003) (affirming district court's dismissal of "Oguaju's claim pursuant to 18 U.S.C. §§ 241 or 242 because Oguaju has no private right of action under either of these criminal statutes.") (citation omitted).

### 3. Count V ("Violation of bankruptcy stay") should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(1).

By way of background, on October 9, 2023, Mohlman (and Charlotte S. Dobessi-Bossombo) filed a Chapter 13 bankruptcy petition. *See* Case No. 23-48841-MLO (E.D. Mich. Bankr.). It appears an 11 U.S.C. § 362 stay was in place at least until September 20, 2024, perhaps up until the case was closed on January 14, 2025. (*See* ECF No. 43, therein.) Thus, Plaintiff alleges here that the bankruptcy case "remained open and pending" at the time his property was improperly removed (*i.e.*, allegedly August 4, 2024), and he further alleges "Defendants did not seek any authorization from the bankruptcy court prior to removal of Plaintiff's property." (*See* ECF No. 1, ¶¶ 20-22.)

In Count V of the instant case, Plaintiff alleges that, "[a]t the time of the search and seizure described above, Plaintiff was a debtor in a Chapter 13 reorganization[,]" "Plaintiff's bankruptcy case included an automatic stay which

17

was not lifted and which covered all of Plaintiff's assets[,]" and "[t]he search and seizure represents a violation of the automatic stay under the bankruptcy code." (ECF No. 1, ¶¶ 39, 40, 41.)  However, as the Court has previously noted, an action for violation of the bankruptcy stay would, of course, be a matter for the Bankruptcy Court in the first instance.  *See Heghmann v. Town of Rye*, 326 F. Supp. 2d 227 (D.N.H. 2004); *In re Reserves Dev. Corp.*, 64 B.R. 694 (W.D. Mo. 1986).  *See also Zimmerman v. Bellows*, 988 F. Supp. 2d 1026, 1035 (D. Minn. 2013) (a claim under § 362(k) *"must* be brought in the bankruptcy court, rather than in the district court, which only has appellate jurisdiction over bankruptcy cases") (emphasis in original) *(citing E. Equip. & Servs. Corp. v. Factory Point Nat'l Bank,* 236 F.3d 117, 121 (2d Cir. 2001) (*per curiam*)).  (*See also* ECF No. 29, PageID.116 n.1.)

Accordingly, as Salem Township argues, "Count V fails as a matter of law and must be dismissed under Rule 12(b)(1) for lack of subject-matter jurisdiction." (ECF No. 31, PageID.153.)  Indeed, where his response is silent as to "bankruptcy" or "stay," (*see* ECF No. 34), Plaintiff appears to acknowledge as much.[5]

---

[5] Of further note, Plaintiff's suggestion that 28 U.S.C. § 1332 could provide an alternate basis for jurisdiction (*see* ECF No. 34, PageID.175 ¶ A(3)) is misguided. In both his pleading (*see* ECF No. 1, ¶¶ 1-3) and his response to the instant motion (*see* ECF No. 34, PageID.174 ¶¶ 1-3), each of the parties is described as located in Michigan.  If true, the parties are not "citizens of different States[,]" 28 U.S.C. § 1332(a)(1), even though Plaintiff alleges an "amount in controversy" of approximately "$100,000 prior to trebling for conversion[,]" (ECF No. 1, ¶ 4).

**4.      Pursuant to 28 U.S.C. § 1367(c)(3), the Court should decline to exercise supplemental jurisdiction over Count I ("Trespass"), Count II ("Conversion"), and any portion of Count IV based on the Michigan Constitution, and dismiss such claims without prejudice to those claims being re-filed in state court.**

Counts I and II of Plaintiff's complaint are state law claims for trespass and conversion.  (ECF No. 1, ¶¶ 24-30.)  Additionally, as suggested above, Count IV may be based on Article 1, Section 11 of the Michigan Constitution (*id.*, ¶¶ 35-37), although it is questionable whether there even is a private right of action for illegal or unreasonable searches and seizures under the Michigan Constitution. *See Jones v. Powell*, 612 N.W.2d 423 (Mich. 2000), *overruled in part on other grounds* by *Bauserman v Unemployment Ins Agency*, 509 Mich. 673, 705-709, 983 N.W.2d 855 (2022).[6]

Salem Township argues that the trespass and conversion claims are barred by governmental immunity (*see* ECF No. 31, PageID.146-148) and are not viable on the merits (*see id.*, PageID.148-149).  Plaintiff contends that his "state law claims are so related to the federal claims that they form part of the same case or controversy under 28 U.S.C. § 1367[,]" and that "[t]he claims arise from a common nucleus of operative fact - the towing of Plaintiff's vehicles[,] trailers[,] construction equipment[,] and personal use equipment[,] 20 ft and 40 ft storage

---

[6] As acknowledged in *Faraone v. Lansing Board of Water and Light*, No. 365804, 2025 WL 1097080, at *28 (Mich. App. Apr. 11, 2025).

containers filled with variations of items that consists of a farming equipment[,]

tooling equipment[,] [and] miscellaneous items that were owned outright from the

plaintiff Aaron Mohlman." (ECF No. 34, PageID.175 ¶ A(2).) Plaintiff also

contends his "claims for wrongful towing and conversion are also sufficiently

pled[,]" whereas "[t]he Complaint outlines the elements of these claims and

provides factual support for each element, demonstrating that Defendant's actions

were unlawful." (*Id.*, ¶ B(3).)

Without taking a position on the parties' arguments, if the Court agrees with

the foregoing recommendations that Plaintiff's federally-based causes of action –

*i.e.*, Count IV, at least in part, and Count V – should be dismissed pursuant to Fed.

Rules Civ. P. 12(b)(1) and/or 12(b)(6), then, pursuant to 28 U.S.C. § 1367(c)(3),

the Court should decline to exercise supplemental jurisdiction over Counts I and II,

and Count IV to the extent it is based on Michigan's Constitution, and dismiss such

claims without prejudice to being re-filed in state court.

> **F.      As to Defendant Milan Towing & Recovery, Inc. (*d/b/a* Budget Stadium Towing), Plaintiff's federal law claims should be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and/or Fed. R. Civ. P. 12(b)(1), and his state law claims should be dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3).**

The statute governing proceedings *in forma pauperis* provides that "the

court shall dismiss the case at any time if the court determines that . . . the action or

appeal . . . fails to state a claim on which relief may be granted[.]" 28 U.S.C. §

20

1915(e)(2)(B)(ii).  Section 1915(e)(2) "requires courts to dismiss in forma pauperis complaints that fail to state a claim, and applies to complaints filed by non-prisoners as well as prisoners."  *Baker v. Wayne Cnty. Fam. Indep. Agency*, 75 F. App'x 501, 502 (6th Cir. 2003) (citations omitted).  *See also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997) ("The language of § 1915(e)(2) does not differentiate between cases filed by prisoners and cases filed by non-prisoners."), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

Having reviewed Plaintiff's complaint, it is clear that Plaintiff's federal claims against the towing company should be dismissed with prejudice.  Other than in the caption, Plaintiff's complaint makes only two specific references to Defendant Milan Towing & Recovery, Inc. (*d/b/a* Budget Stadium Towing):

- Defendant Milan Towing and Recovery, Inc., dba Budget Stadium Towing, is a Michigan corporation with a principal place of business in Ypsilanti, Washtenaw County, MI. At all times relevant hereto Defendant Milan, dba Budget, acted as an agent and at the direction of Defendant Salem.[7]

- Upon information and belief, the property unlawfully removed from Mohlman's property is now being held by Defendant Milan/Budget at the direction of Defendant Salem Township.

---

[7] This allegation potentially creates other problems for Plaintiff, beyond that which is discussed *infra*.  *See Spears v. Ceriotti*, No. 255167, 2005 WL 3077150, at *5 (Mich. App. Nov. 17, 2005) ("An agent may work on behalf of a principal within the scope of the agency agreement as if the agent had stepped into the shoes of the principal without incurring any personal liability.") (citing *Uniproprop, Inc, v. Morganroth*, 678 NW2d 638 (Mich. App. 2004)).

21

(ECF No. 1, ¶¶ 3, 18.) Considering the foregoing recommendation as to Plaintiff's federal claims against Salem Township, along with allegations that the towing company was acting "at the direction of Defendant Salem [Township][,]" (*id.*), these paragraphs do not explain *how* the towing company itself did anything to violate his right against "unreasonable searches and seizures," U.S. Const. amend. IV. Nor could such a claim be viable against Milan Towing & Recovery, Inc., in light of the state district court sentencing order, which validated the seizure of "containers and other miscellaneous items in [an] attached photograph" and directed Mohlman to remove "all the items from the property within 30 days of this Order" or Salem Township's "agents may enter the property and correct the problem by removing the items" (*see* ECF No. 25-3 ¶¶ 3, 4), as explained above. (*See* Section II.E.2.b.iii). Plaintiff's response does not contest or demonstrate how the times removed would not fall within the scope of that order. Therefore, to the extent Count IV is based on the Fourth Amendment to the United States Constitution − as the federal claim appears to be in its entirety − any such claim against this Defendant should be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Also, to the extent Plaintiff brings Count V ("Violation of bankruptcy stay") against the towing company, the claim should be dismissed with prejudice

22

pursuant to Fed. R. Civ. P. 12(b)(1), for the same reasons set forth above (*see* Section II.E.3).

Finally, if the Court agrees with the foregoing recommendation that Plaintiff's federally-based causes of action against Defendant Milan Towing & Recovery, Inc. (*d/b/a* Budget Stadium Towing) should be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and/or Fed. R. Civ. P. 12(b)(1), then, pursuant to 28 U.S.C. § 1367(c)(3), the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims against this Defendant and dismiss such claims without prejudice to being re-filed in state court.

### G. Conclusion

At this time, Salem Township's request for an award of "costs and attorney fees so wrongly incurred in defending this action[,]" (ECF No. 31, PageID.133; *see also* ECF No. 35, PageID.179) should be denied as premature. If the Court enters judgment in favor of Salem Township, it may apply for such relief in accordance with Fed. R. Civ. P. 54(d) ("Costs; Attorney's Fees.") and/or 28 U.S.C. § 1920 ("Taxation of costs").

Meanwhile, for the reasons stated above, the Court should **GRANT** Defendant Salem Township's motion to dismiss Plaintiff's complaint (ECF No. 31) and, pursuant to 42 U.S.C. § 1915(e)(2)(B)(ii), **DISMISS** Plaintiff's claims

against Defendant Milan Towing & Recovery, Inc. (*d/b/a* Budget Stadium Towing).

## III.   PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Fed. R. Civ. P. 72(b)(2) and E.D. Mich. LR 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.*  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections,

in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.* If the Court determines that any objections are without merit, it may rule without awaiting the response.


Dated:  June 15, 2026                                    _____

                                                         Anthony P. Patti
                                                         UNITED STATES MAGISTRATE JUDGE